IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:24-cv-01058-GCM

| | |
|---|---|
| OMAR DUPRAZ CRITTINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ) | |
| ERIC L. BYRUM, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment. [Doc. 26].

I.     **PROCEDURAL BACKGROUND.**

On December 6, 2024, Pro Se Plaintiff Omar D. Crittington ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 for the violation of his civil rights arising out of an incident while he was detained at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. [Doc. 1]. Plaintiff named Defendants Garry L. McFadden, Mecklenburg County Sheriff; Eric L. Byrum, identified as a Captain at the Mecklenburg County Sheriff's Office ("MCSO"); Kurt T. Johnson, identified as a MCSO Sergeant; Alcides Bonilla, identified as an MCSO Deputy; and Demetra M. Davis, identified as an MCSO Shift Officer. [Id. at 1-3].

Plaintiff alleged that, on April 15, 2021, after Plaintiff's verbal altercation with Defendant Byrum, Defendants Byrum, Johnson, and Davis used excessive force on him and Defendants Byrum and Bonilla conspired to present a false statement to a magistrate for Plaintiff's arrest. [Id. at 7-8]. Plaintiff further alleged that the state criminal case "drug out"

until July 1, 2024, and was dismissed for lack of evidence.[1]  [Id. at 8].

Plaintiff's unverified Complaint survived initial review on Plaintiff's Fourth Amendment malicious prosecution claim against Defendants Eric L. Byrum and Alcides Bonilla.  [Doc. 8].  Plaintiff's excessive force claim was dismissed as facially barred by the statute of limitations claims and the remaining Defendants were dismissed on initial review.  [Id. at 4-6].

On September 15, 2025, Defendants moved for summary judgment.  [Doc. 26].  They argue that summary judgment should be granted because Plaintiff's claim is barred by the statute of limitations, they did not violate Plaintiff's Fourth Amendment right to be free from malicious prosecution, and because they are entitled to qualified immunity.  [Doc. 27].  In support of their summary judgment motion, Defendants submitted a brief, the Declaration of Defendant Bonilla, the warrant for Plaintiff's arrest, and records from Plaintiff's state criminal proceeding.  [Docs. 27, 27-2 through 27-4].

Thereafter, the Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court.  [Doc. 28].  The Plaintiff was specifically advised that he "may not rely upon mere allegations or denials of allegations in his pleadings to defeat a summary judgment motion."  [Id. at 2].  Rather, he must support his assertion that a fact is genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

---

[1] Plaintiff identifies this state criminal case as Case No. "22CRS00641."  [Doc. 1 at 8].  Plaintiff's publicly available North Carolina criminal record, of which the Court takes judicial notice, does not include charges under this case number.  See portal-nc.tylertech.cloud/Portal/Home/Dashboard/29 ("Crittington, Omar") (last visited October 7, 2025).  Moreover, Plaintiff's criminal record does not show any other criminal proceedings related to or arising from the April 15, 2021 incident.

2

admissions, interrogatory answers, or other materials." [Id. at 2 (citing Fed. R. Civ. P. 56(c)(1)(A))]. The Court further advised that:

> An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by Plaintiff to this Court no later than fourteen (14) days from the date of this Order and must be filed in duplicate.

[Id. at 2-3 (citing Fed. R. Civ. P. 56(c)(4))].

Plaintiff filed an unsworn two-page response to Defendants' motion [Doc. 29] and Defendants replied [Doc. 30]. As noted, Plaintiff's Complaint was not verified or otherwise submitted under penalty of perjury and, therefore, cannot be considered for its evidentiary value here.[2] See Goodman v. Diggs, 986 F.3d 493, 498-99 (4th Cir. 2021) (holding that a district court is to consider verified prisoner complaints as affidavits on summary judgment "when the allegations contained therein are based on personal knowledge"). Thus, in terms of evidentiary forecast, the Defendants' is unrefuted.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

---

[2] To be sure, although Plaintiff did not submit his Complaint under penalty of perjury, he did, in the Certificate of Service, write "I declare under penalty of perjury that the information contained in this statement is true and accurate to the best of my knowledge." [See Doc. 1 at 9]. To the extent Plaintiff intended this statement to apply to his Complaint at large, the outcome is nonetheless the same.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n. 3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Courts "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt. Inc. v. J.D. Assoc.'s, LLP, 213 F.3d 174, 180 (4th Cir. 2000). The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007).

## III. FACTUAL BACKGROUND

Defendants' uncontroverted forecast of evidence shows the following.

On April 15, 2021, Plaintiff was involved in an incident at the Jail involving Defendant Byrum, former Defendant Johnson, and fellow detainee Jalen Jackson. [Doc. 27-2 at ¶¶ 1-2: Bonilla Dec.]. Defendant Bonilla, an MCSO investigator, was contacted to investigate the incident. [Id. at ¶ 2]. Defendant Bonilla first interviewed Johnson, who told Bonilla that Plaintiff had punched him in the head when Johnson attempted to assist Defendant Byrum, who had been punched in the head by Jackson. Defendant Bonilla also learned from Johnson that when Johnson put Plaintiff in his cell, Plaintiff punched Johnson in the mouth. Defendant Bonilla observed that Johnson had a swollen lip, a cut on the top of his head, and cuts on his right hand. [Id. at ¶ 3]. Defendant Bonilla also spoke with Defendant Byrum, who told Bonilla that after he, Bryum, tased the Plaintiff, Jackson punched Byrum in the head. [Id. at ¶ 4]. Defendant Bonilla also reviewed video of the incident and numerous incident reports prepared by MCSO's employees who witnessed the incident and came to Plaintiff's cell afterwards. [Id. at ¶¶ 5-6]. Based on his investigation, Defendant Bonilla concluded that Plaintiff punched Johnson multiple times with a closed fist on the head and facial area, and after Plaintiff was in his cell, punched Johnson two more times in his face. [Id. at ¶ 7].

After completing his investigation, on April 26, 2021, Defendant Bonilla went to the Mecklenburg County magistrate and sought a warrant for Plaintiff's arrest for assaulting Johnson in violation of N.C.G.S. § 14-34.7(c)(1), which criminalizes assault on a law enforcement officer causing physical injury. Defendant Bonilla informed the magistrate under oath that Plaintiff assaulted Johnson, a law enforcement officer, and that Johnson suffered physical injuries. [Id. at ¶ 8]. The magistrate issued an order for Plaintiff's arrest the same day. [Id. at ¶ 9; Doc. 27-3].

On May 18, 2021, the District Attorney's Office dismissed the charge against Plaintiff "without leave."[3] [Id. at ¶ 10; Doc. 27-4 at 2].

IV. DISCUSSION

The statute of limitations for § 1983 claims is borrowed from the applicable state's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Constr., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015). In North Carolina, the statute of limitations for Section 1983 claims is three years. Nat'l Adv. Co. v. City of Raleigh, 947 F.2d 1158, 1161-62, n.2 (4th Cir. 1991).

Federal law governs the date on which the limitations period begins to run. Wallace, 549 U.S. at 388. To determine the date of accrual for a particular § 1983 claim, a court must look to the common law tort that is most analogous to the plaintiff's claim and determine the date on which the limitations period for such tort would begin to run. See id. at 388-389. Under common law, a malicious prosecution claim accrues when the claims are resolved in the plaintiff's favor. Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 390 (4th Cir. 2014).

Here, the forecast of evidence shows that the State of North Carolina dismissed Plaintiff's criminal charge "without leave" on May 18, 2021. A dismissal without leave in North Carolina constitutes a final judgment. See N.C.G.S. § 15A-931; compare N.C.G.S. § 15A-932(a), (b) (providing that a district attorney can enter a "dismissal with leave" in certain circumstances which removes the case from the court docket, but the process remains outstanding). See State v. Lamb, 365 S.E.2d 600, 641 (N.C. 1988) (noting that dismissal under N.C.G.S. § 15A-931 "is a simple and final dismissal which terminates the criminal proceedings under that indictment").

---

[3] In his reply, Plaintiff contends that his Complaint was timely because his criminal defense attorney "received notice from the District Attorney confirming dismissal on July 1, 2024." [See Doc. 29 at 1].

6

Plaintiff's malicious prosecution claim, therefore, must have been filed by May 18, 2024. Because it was not filed until December 6, 2024, it is barred. Plaintiff's assertion that his attorney did not learn until July 1, 2024, that the charge had been dismissed, does not create a genuine dispute as to when Plaintiff's criminal charge was dismissed. See Scott, 550 U.S. at 380. The Court, therefore, will dismiss grant Defendants' motion and dismiss Plaintiff's Fourth Amendment malicious prosecution claim as barred by the statute of limitations.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 26] is **GRANTED**, and this action is hereby **DISMISSED with prejudice**.

The Clerk is also instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: October 15, 2025

Graham C. Mullen
United States District Judge